O

JS - 6

cc: order, docket, remand letter to
San Luis Obispo Superior Court,
No. CV12835

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LISA LEAGE, | ) | Case No. CV 13-00236 DDP (MANx) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO REMAND** |
| | ) | |
| v. | ) | [Dkt. No. 8] |
| | ) | |
| BECHTEL CONSTRUCTION COMPANY, a corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

Presently before the court is Plaintiff Lisa Leage's Motion for Remand to State Court. Having considered the parties' submissions, the court adopts the following order.

Plaintiff brought an action against Defendant Bechtel Construction Company ("BCC") on December 6, 2012, in the Superior Court of the State of California. In the Complaint, she alleged discrimination, retaliation, and wrongful termination under the California Fair Employment Housing Act and the California Labor Code. On January 11, 2013, BCC timely removed the action to this court.

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United

1  States have original jurisdiction . . . ." 28 U.S.C. § 1441(a).
2  District courts have original jurisdiction over "all civil actions
3  where the matter in controversy exceeds the sum or value of
4  $75,000, exclusive of interest and cost, and is between . . .
5  citizens of different states." 28 U.S.C. § 1332(a). The removal
6  statute is strictly construed against removal jurisdiction, and
7  federal jurisdiction must be rejected if any doubt exists as to the
8  propriety of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th
9  Cir. 1992). A removing defendant bears the burden of establishing
10 that removal is proper. Id.
11     "[I]n cases where a plaintiff's state court complaint does not
12 specify a particular amount of damages, the removing defendant
13 bears the burden of establishing, by a preponderance of the
14 evidence, that the amount in controversy exceeds" the required
15 amount. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398 (9th Cir.
16 1996). In other words, Defendant must "provide evidence
17 establishing that it is 'more likely than not' that the amount in
18 controversy exceeds that amount." Id.
19     Defendant presents evidence that it employed Plaintiff as a
20 laborer from January 9, 2012, until March 30, 2012.
21 (Schwartzmiller Decl. ¶ 2.) She received a base pay of $28.39 per
22 hour, as well as $2.32 per hour for vacation and $1.28 for
23 supplemental dues. (Id.) Additionally, she received fringe
24 benefits including health and welfare benefits and pension
25 contribution. (Id. ¶ 3.) Her base pay plus benefits totaled
26 $45.78 per hour. (Id.)
27     Defendant calculates that if Plaintiff had continued to work
28 for BCC for a full year at 40 hours per week, her overall

compensation package (taxable wages and non-taxable fringe benefits) would have amounted to $95,222.40. (Id. ¶ 4.) Defendant asserts that these economic damages alone exceed the amount in controversy, and that Plaintiff is also seeking punitive damages and attorneys fees which increase the amount further.[1] The court finds that these damages are too speculative. Plaintiff worked for BCC for only three months before being terminated, and no evidence has been presented that despite her short tenure and the nature of the construction business, she would have remained in BCC's employ for an extended period. The court sees no good reason to speculate that Plaintiff would have earned a full year's salary but for the termination in March 2012. Nor has any evidence been presented regarding amount or likelihood of a punitive damage award.

Because the court finds that the amount in controversy has not been established by preponderance of the evidence, it declines to address the issue of the diversity of parties.

The Motion is GRANTED.

IT IS SO ORDERED.

Dated: February 27, 2013

DEAN D. PREGERSON
United States District Judge

---

[1] Defendant also argues that by refusing to stipulate that Plaintiff seeking less than $75,000, Plaintiff's attorneys conceded the amount in controversy. The court rejects this argument. The burden to establish the amount in controversy falls upon the removing party.